

# Milbank

## GRANT R. MAINLAND

*Partner*

55 Hudson Yards | New York, NY 10001

T: +1 (212) 530-5251

GMainland@milbank.com | milbank.com

April 9, 2026

**By Electronic Filing**

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

> **Re:** ***Blue Lake Rancheria, et al. v. Kalshi, Inc., et al.*, No. 25-07504**
> **FRAP 28(j) Letter**

Dear Ms. Dwyer:

Defendants Kalshi Inc. and KalshiEX LLC (together, "Kalshi") write to advise the Court of a recent Third Circuit decision and three complaints the CFTC recently filed concerning the event contracts at issue. Each supports affirmance.

In *KalshiEX LLC v. Flaherty*, No. 25-1922 (3d Cir.), Dkt. 105 (Apr. 6, 2026) ("Op."), the Third Circuit held that the CEA "preempts state laws that directly interfere with swaps traded on DCMs," including Kalshi's sports-event contracts, and that "Kalshi's sports-event contracts fit comfortably" within the "swap" definition because "[t]he outcome of a sports event certainly can be associated with a potential financial[] … consequence," including consequences for "sponsors, advertisers," and other stakeholders. Op. 4, 8; *id.* at 9 ("both field and conflict preemption apply"). The court explained that no presumption against preemption could overcome the clear "text preempt[ing] state gambling laws that seek to regulate futures trading." Op. 13-14. The court further determined that "the public interest is best served by enforcing the Act." Op. 17.

The CFTC agrees. On April 2, 2026, the CFTC filed separate complaints against Arizona, Connecticut, and Illinois, seeking (i) declarations that the CEA preempts each state's gambling statutes as applied to on-DCM trading and (ii) injunctions barring each state from enforcing these statutes against DCMs. *See United States v. Arizona*, 2:26-cv-02246, Dkt. 1 (D. Az. Apr. 2, 2026) ("Az. Compl."); *United States v. Connecticut*, 3:26-cv-00498, Dkt. 1 (D. Conn. Apr. 2, 2026);

MILBANK LLP

NEW YORK | LOS ANGELES | WASHINGTON, D.C. | SÃO PAULO | FRANKFURT
LONDON | MUNICH | HONG KONG | SEOUL | SINGAPORE | TOKYO

2

*United States v. Illinois*, 1:26-cv-03659, Dkt. 1 (N.D. Ill. Apr. 2, 2026). The complaints confirm the CFTC's view that event contracts on DCMs are swaps, *e.g.*, Az. Compl. ¶ 35, which the CFTC can subject to public-interest review if they involve gaming, *id.* ¶¶ 53-54 (citing 7 U.S.C. § 7a-2(c)(5)(C)(i)-(ii)).

These authorities directly bear on whether the CEA's grant of exclusive jurisdiction to the CFTC leaves any room for state or tribal regulation of trading on DCMs, whether pursuant to IGRA or tribal ordinance. *See, e.g.*, Dkt. 43.1 at 40-41. Additionally, they are relevant to whether Kalshi advertised its event contracts as lawful in good faith. *Id.* at 60.

Respectfully submitted,

/s/ Grant R. Mainland
 Grant R. Mainland

*Counsel for Appellees Kalshi Inc. and KalshiEX LLC*

cc:     All Counsel (via ECF)
        Word Count: 343