Law Offices Of

# RAPPORT AND MARSTON

An Association of Sole Practitioners

405 W. Perkins Street
Ukiah, California 95482
e-mail: ljmarston@rmlawoffice.net

Lester J. Marston

Phone (707) 462-6846
Facsimile (707) 462-4235

May 29, 2026

*Transmitted Via Electronic Filing*

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street San Francisco, CA 94103

> Re: *Blue Lake Rancheria, et al. v. Kalshi, Inc., et al.*, No. 25-07504
> FRAP 28(j) Letter
> Oral Argument: July 10, 2026

Dear Ms. Dwyer:

Appellants Blue Lake Rancheria, Chicken Ranch Rancheria of Me-Wuk Indians, and Picayune Rancheria of the Chukchansi Indians (together, "Tribes") write to advise the Court of a recent decision of the United States District Court for the Western District of Wisconsin that supports reversal.

In *HO-CHUNK NATION, Plaintiff, v. KALSHI INC., KALSHIEX LLC, ROBINHOOD MARKETS, INC. & ROBINHOOD DERIVATIVES LLC, Defendants.*, No. 25-CV-698-WMC, 2026 WL 1284077 (W.D. Wis. May 11, 2026), the Western District of Wisconsin denied defendants Kalshi Inc., KalshiEx LLC,

**Letter to Clerk of Court, Molly Dwyer**
**May 29, 2026**
**Re: FRAP 28(j) Letter**

**Page 2**

Robinhood Markets, Inc., and Robinhood Derivatives LLC's (together, "Kalshi") motion to dismiss the Ho-Chunk Nation's ("Nation") claim that Kalshi's sports event contracts amount to unlawful gaming being offered and advertised on the Nation's tribal lands in violation of the Indian Gaming Regulatory Act ("IGRA"). The court concluded that: (1) Nation's complaint states a claim under IGRA, *id*. at *4–9, and the Nation was likely to succeed on the merits of its IGRA claim, *id*. at *2; (2) the Commodity Exchange Act ("CEA") does not abrogate, supersede, or repeal IGRA, *id*. at 9–10; and (3) "nothing about the UIGEA prevents plaintiff from pursuing its claim under IGRA." *Id*. at *9.

This decision is generally relevant to each issue before the Court in the instant appeal, and specifically relevant concerning whether IGRA establishes a mechanism for tribes to prevent illegal, non-tribal class III gaming operations on their lands, *id*. at *7, and whether IGRA generally extends to claims against persons and entities who are not a party to tribal-state compacts. *Id*. at *5. It is also relevant to the issue of whether the CEA or the UIGEA have the effect of abrogating tribal authority to regulate tribal gaming. *Id*. at 8–10.

Respectfully submitted,

LESTER J. MARSTON

*Attorney for Plaintiffs*

Word Count: 283