Law Offices Of

# RAPPORT AND MARSTON

An Association of Sole Practitioners

405 W. Perkins Street
Ukiah, California 95482
e-mail: ljmarston@rmlawoffice.net

Lester J. Marston

Phone (707) 462-6846
Facsimile (707) 462-4235

August 5, 2026

***Transmitted Via Electronic Filing***

Molly Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street San Francisco, CA 94103

      Re:    *Blue Lake Rancheria, et al. v. Kalshi, Inc., et al.*, No. 25-07504
             FRAP 28(j) Letter
             Oral Argument: July 10, 2026

Dear Ms. Dwyer:

Appellants Blue Lake Rancheria, Chicken Ranch Rancheria of Me-Wuk Indians, and Picayune Rancheria of the Chukchansi Indians (together, "Tribes") write to advise the Court of a recent decision out of the Eastern District of Wisconsin that further supports reversal.

In *UNITED STATES OF AMERICA and COMMODITY FUTURES TRADING COMMISSION v. STATE OF WISCONSIN, et al.*, No. 26-C-749 (E.D. Wis. July 29, 2026), the Eastern District of Wisconsin denied the United States of America and the Commodity Future Trading Commission's ("CFTC") motion for a

preliminary injunction, and also denied North American Derivatives Exchange, Inc., d/b/a Crypto.com Derivatives North America, and KalshiEX LLC (Kalshi)'s motions to intervene. The court concluded: (1) that the CFTC was "vigorously representing its interests on this issue which are aligned with the Intervening Plaintiffs" and "[t]o grant the Intervening Plaintiffs' motions to intervene in [the] action would intrude into civil enforcement proceedings akin to criminal prosecutions"; (2) "that the plain language of Wisconsin's commercial gambling statute seems to cover sports-related event contracts registered with the CFTC"; and (3) that "[the] court finds that the CFTC has not shown that it is likely to prevail on its argument that the CEA's definition of 'swaps' covers the event contracts offered by entities such as Kalshi."

This decision is relevant to the issue of whether the event contracts offered by Kalshi are, in fact, swaps within the meaning of the Commodity Exchange Act, 7 U.S.C. § 1 et. seq. ("CEA"). The decision is also relevant in that the Court concluded that Wisconsin's gambling statutes do not conflict with the CEA and the CFTC's regulations, such as 17 C.F.R. § 40.11, a finding which, by extension, would also apply to the interplay between the Tribes' laws regulating gaming and compacts, and the CFTC's jurisdiction. Finally, the decision is relevant to the issue of whether the

CEA or the Unlawful Internet Gambling Enforcement Act, 31 U.S.C. §§ 5361-5367,

have the effect of abrogating tribal authority to regulate tribal gaming.


Respectfully submitted,

LESTER J. MARSTON
*Attorney for Plaintiffs*


Word Count: 327