No. 25-7504

IN THE

# United States Court of Appeals for the Ninth Circuit

BLUE LAKE RANCHERIA, *et al.*,

*Plaintiffs-Appellants,*

v.

KALSHI INC., *et al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:25-cv-6162 (Corley, J.)

## DEFENDANTS-APPELLEES' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF

OLIVIA S. CHOE
JOSHUA B. STERLING
WILLIAM E. HAVEMANN
MILBANK LLP
1101 New York Ave., NW
Washington, DC 20005
(202) 835-7511

GRANT R. MAINLAND
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

ANTONY L. RYAN
KEVIN J. ORSINI
BRITTANY L. SUKIENNIK
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

MARK R. CONRAD
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111

CHRISTOPHER C. WHEELER
DYLAN M. SILVA
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104

*Counsel for Defendants-
Appellees Kalshi Inc. and
KalshiEX LLC*

August 12, 2026

MITHUN MANSINGHANI
LEHOTSKY COHN LLP
629 W. Main Street
Oklahoma City, OK 73102

*Counsel for Defendants-
Appellees Robinhood Markets,
Inc. and Robinhood
Derivatives, LLC*

Defendants-Appellees Kalshi Inc. and KalshiEX LLC (together, "Kalshi") and Robinhood Markets, Inc. and Robinhood Derivatives, LLC (together, "Robinhood") respectfully move this Court for leave to file a supplemental brief to address the import of a recent development that has narrowed the parties to this appeal. On August 3, 2026, Picayune Rancheria of Chukchansi Indians ("Picayune Rancheria") voluntarily dismissed its claim in the district court. Joint Stipulation Regarding Dismissal of Picayune Rancheria of the Chukchansi Indians and Order Thereon, 25-cv-06162-JSC, Dkt. No. 88 (Aug. 3, 2026). On August 7, 2026, the district court entered an order dismissing Picayune Rancheria from the case. Order Regarding Dismissal of Picayune Rancheria of the Chukchansi Indians, 25-cv-06162-JSC, Dkt. No. 89 (Aug. 7, 2026). On August 10, 2026, the parties jointly stipulated to Picayune Rancheria's dismissal from this appeal. Dkt. No. 80.1. On August 11, 2026, this Court entered an order dismissing Picayune Rancheria from this appeal. Dkt. No. 83. Picayune Rancheria was the only Plaintiff-Appellant conducting class III gaming on its reservation pursuant to a tribal-state compact with the State of California.

As set forth in the proposed supplemental brief filed contemporaneously with this Motion, this development is material to the disposition of the Indian Gaming Regulatory Act ("IGRA") claim at issue in this appeal. The two remaining Plaintiffs-Appellants, Blue Lake Rancheria

and Chicken Ranch Rancheria of Me-Wuk Indians ("Chicken Ranch Rancheria"), conduct class III gaming on their reservations pursuant to secretarial procedures prescribed by the Secretary of the Interior (the "Secretary"), not pursuant to Tribal-State compacts. IGRA grants a tribe or state a cause of action to enjoin class III gaming conducted "in violation of a Tribal-State compact." 25 U.S.C. § 2710(d)(7)(A)(ii). But IGRA does not grant tribes a cause of action to enforce secretarial procedures—that cause of action is reserved for the Secretary of the Interior. *Id.* § 2710(d)(7)(A)(iii). Although Kalshi and Robinhood generally seek affirmance of the decision below, the district court nonetheless erred when it arrived at the opposite conclusion (*i.e.*, that Section 2710(d)(7)(A)(ii) gives tribes a cause of action to enforce secretarial procedures, not just Tribal-State compacts) based on a mistaken reading of *Stand Up for California! v. U.S. Department of Interior*, 959 F.3d 1154 (9th Cir. 2020). Answering Br. of Defendants-Appellees Kalshi Inc. and KalshiEX LLC at 33-35, Dkt. No. 43.1.

With Picayune Rancheria dismissed, the threshold question of whether the remaining Plaintiffs-Appellants have a cause of action under IGRA to enforce secretarial procedures takes on heightened significance. The proposed supplemental brief would assist the Court by explaining the effect of Picayune Rancheria's dismissal on the questions presented and

elaborating on why the district court's conclusion below was mistaken and relied on a misapplication of *Stand Up*.

The brief is 2,544 words, addresses a single threshold issue, and would impose no substantial burden or delay. Kalshi and Robinhood do not oppose a response of similar length by Plaintiffs-Appellants. Counsel for Kalshi twice asked for Plaintiffs-Appellants' position on this motion and did not receive a response.

## CONCLUSION

For the foregoing reasons, Kalshi and Robinhood respectfully request leave to file a supplemental brief.

Date: August 12, 2026

Respectfully submitted,

*/s/ Grant R. Mainland*

OLIVIA S. CHOE
JOSHUA B. STERLING
WILLIAM E. HAVEMANN
MILBANK LLP
1101 New York Ave., NW
Washington, DC 20005
(202) 835-7511

GRANT R. MAINLAND
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

CHRISTOPHER C. WHEELER
DYLAN M. SILVA
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104

*Counsel for Defendants-Appellees
Kalshi Inc. and KalshiEX LLC*

Date: August 12, 2026                    Respectfully submitted,

*/s/ Antony L. Ryan*
ANTONY L. RYAN
KEVIN J. ORSINI
BRITTANY L. SUKIENNIK
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

MARK R. CONRAD
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111

MITHUN MANSINGHANI
LEHOTSKY COHN LLP
629 W. Main Street
Oklahoma City, OK 73102

*Counsel for Defendants-Appellees
Robinhood Markets, Inc. and
Robinhood Derivatives, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using ACMS on August 12, 2026.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by ACMS.

August 12, 2026                    /s/ *Grant R. Mainland*
                                   Grant R. Mainland