No. 25-7504

IN THE

# United States Court of Appeals
# for the Ninth Circuit

BLUE LAKE RANCHERIA, *et al.*,

*Plaintiffs-Appellants,*

v.

KALSHI INC., *et al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:25-cv-6162 (Corley, J.)

## DEFENDANTS-APPELLEES' SUPPLEMENTAL BRIEF

OLIVIA S. CHOE
JOSHUA B. STERLING
WILLIAM E. HAVEMANN
MILBANK LLP
1101 New York Ave., NW
Washington, DC 20005
(202) 835-7511

GRANT R. MAINLAND
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

ANTONY L. RYAN
KEVIN J. ORSINI
BRITTANY L. SUKIENNIK
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

MARK R. CONRAD
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111

CHRISTOPHER C. WHEELER
DYLAN M. SILVA
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104

*Counsel for Defendants-
Appellees Kalshi Inc. and
KalshiEX LLC*

August 12, 2026

MITHUN MANSINGHANI
LEHOTSKY COHN LLP
629 W. Main Street
Oklahoma City, OK 73102

*Counsel for Defendants-
Appellees Robinhood Markets,
Inc. and Robinhood Derivatives,
LLC*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................. 1

ARGUMENT...................................................................................... 4

I.     BLUE LAKE RANCHERIA AND CHICKEN RANCH
RANCHERIA LACK A CAUSE OF ACTION UNDER IGRA................................ 4

II.     *STAND UP FOR CALIFORNIA! V. U.S. DEPARTMENT OF INTERIOR*
IS NOT TO THE CONTRARY. ......................................................... 7

CONCLUSION................................................................................. 14

# TABLE OF AUTHORITIES

**CASES:**                                                                                                                              Page(s)

*Artichoke Joe's Cal. Grand Casino v. Norton,*
   353 F.3d 712 (9th Cir. 2003) ................................................................13

*Big Country Foods, Inc. v. Bd. of Educ.,*
   868 F.2d 1085 (9th Cir. 1989) ................................................................13

*Cheneau v. Garland,*
   997 F.3d 916 (9th Cir. 2020) ................................................................ 11

*Loper Bright Enters. v. Raimondo,*
   603 U.S. 369 (2024) ................................................................13

*Stand Up for California! v. U.S. Department of Interior,*
   959 F.3d 1154 (9th Cir. 2020)................................3, 7, 8, 9, 10, 11, 12, 13

*United States v. California,*
   921 F.3d 865 (9th Cir. 2019)................................................................13

**STATUTES:**

15 U.S.C. § 1171(a)................................................................8

15 U.S.C. § 1175................................................................ 7

25 U.S.C. § 2710(d)(3)(A)................................................................ 4

25 U.S.C. § 2710(d)(6)................................................................ 7, 8

25 U.S.C. § 2710(d)(7)(A)................................................................ 6

25 U.S.C. § 2710(d)(7)(A)(i) ................................................................ 5

25 U.S.C. § 2710(d)(7)(A)(ii) ................................................................ 2, 8

25 U.S.C. § 2710(d)(7)(A)(iii) ................................................................8

25 U.S.C. § 2710(d)(7)(B)(iii) ................................................................ 5

25 U.S.C. § 2710(d)(7)(B)(iv) ................................................................ 5

25 U.S.C. § 2710(d)(7)(B)(vii) ................................................................ 5

**TABLE OF AUTHORITIES—Continued**

Page(s)

25 U.S.C. § 2710(d)(7)(B)(vii)(II)................................................................. 5

- iii -

Defendants-Appellees Kalshi Inc. and KalshiEX LLC (together, "Kalshi") and Robinhood Markets, Inc. and Robinhood Derivatives, LLC (together, "Robinhood") respectfully submit this supplemental brief pursuant to the Motion for Leave to File a Supplemental Brief, filed on August 12, 2026.

## INTRODUCTION

On November 25, 2025, Plaintiffs-Appellants Blue Lake Rancheria, Chicken Ranch Rancheria of Me-Wuk Indians ("Chicken Ranch Rancheria"), and Picayune Rancheria of Chukchansi Indians ("Picayune Rancheria") appealed the district court's denial of their motion for a preliminary injunction to this Court. 4-ER-607-608. In the proceedings below, Plaintiffs-Appellants sought to preliminarily enjoin Kalshi from allegedly offering its sports event contracts on their Indian lands pursuant to the Indian Gaming Regulatory Act ("IGRA"), claiming that Kalshi's contracts constituted unlawful class III gaming. *See* 1-RHSER-204-206.[1] On August 3, 2026, Picayune Rancheria voluntarily dismissed its claim in the district court. Joint Stipulation Regarding Dismissal of Picayune Rancheria of the Chukchansi Indians and Order Thereon, 25-cv-06162-JSC, Dkt. No. 88 (Aug.

---

[1] Plaintiffs-Appellants also sought a preliminary injunction under the Lanham Act, which is not relevant to this supplemental brief.

3, 2026).  On August 7, 2026, the district court entered an order dismissing Picayune Rancheria from the case.  Order Regarding Dismissal of Picayune Rancheria of the Chukchansi Indians, 25-cv-06162-JSC, Dkt. No. 89 (Aug. 7, 2026).  On August 10, 2026, the parties jointly stipulated to Picayune Rancheria's dismissal from this appeal.  Dkt. No. 80.1.  On August 11, 2026, this Court entered an order dismissing Picayune Rancheria from this appeal. Dkt. No. 83.

As a result of the dismissal of Picayune Rancheria, this appeal as it relates to the IGRA claim can now be resolved based on a threshold question that IGRA answers by its plain terms:  Who may sue to enforce secretarial procedures governing class III gaming on Indian lands.   Section 2710(d)(7)(A)(ii) grants a tribe or state a cause of action to enjoin class III gaming conducted in violation of a "Tribal-State compact"; it does not authorize a tribe to sue for conduct in violation of secretarial procedures. Congress addressed the enforcement of secretarial procedures separately in an immediately adjacent provision, Section 2710(d)(7)(A)(iii).  That section gives the Secretary of the Interior—not a tribe—a right of action to enforce secretarial procedures.  Blue Lake Rancheria and Chicken Ranch Rancheria, the two remaining Plaintiffs-Appellants following Picayune Rancheria's voluntary dismissal, conduct class III gaming pursuant to secretarial

procedures, not compacts. *See* 2-ER-180; 3-ER-245. They therefore lack a cause of action under IGRA.

Neither *Stand Up for California! v. U.S. Department of Interior*, 959 F.3d 1154 (9th Cir. 2020), nor the district court's reading of that case supports a contrary result. *Stand Up* holds only that secretarial procedures authorize class III gaming to the same extent as Tribal-State compacts do; were it otherwise, states would be unfairly rewarded for failing to negotiate a compact in good faith. But *Stand Up* did not hold that the term "Tribal-State compact" is ***always*** coterminous with "secretarial procedures" under IGRA. Indeed, reading Section 2710(d)(7)(A)(ii) to include secretarial procedures would render Section 2710(d)(7)(A)(iii) superfluous, an impermissible result.

In any event, *Stand Up* is inapplicable here because Section 2710(d)(7)(A) separately addresses violations of compacts and violations of secretarial procedures, and, for the latter, provides for their enforcement by the Secretary of the Interior ("Secretary"). There simply is no need to question whether "Tribal-State compact" as used in Section 2710(d)(7)(A)(ii) includes secretarial procedures—Congress has already said no. Thus, the district court erred in applying *Stand Up* to conclude that tribes may sue

under Section 2710(d)(7)(A)(ii) even where they have no compact with the state. 1-ER-008–9.

Now that Picayune Rancheria is dismissed, the Court may affirm the district court's order, in addition to the grounds discussed in Kalshi and Robinhood's answering briefs and at oral argument before this Court, on the independent basis that the remaining Plaintiffs-Appellants lack a cause of action under IGRA because they engage in gaming pursuant to secretarial procedures, not compacts.

## ARGUMENT

### I. BLUE LAKE RANCHERIA AND CHICKEN RANCH RANCHERIA LACK A CAUSE OF ACTION UNDER IGRA.

Picayune Rancheria, which is now dismissed from the underlying action and from this appeal, offers class III gaming on its reservation pursuant to a tribal-state compact with the State of California. 2-RHSER-241 ¶ 39; 2-ER-119. Blue Lake Rancheria and Chicken Ranch Rancheria offer class III gaming on their reservations pursuant to secretarial procedures. 2-RHSER-241 ¶ 39; 2-ER-180, 3-ER-245. This distinction is dispositive of the instant appeal.

IGRA authorizes a tribe and state to "negotiate" compacts "governing the conduct of" class III gaming activities on Indian lands. 25 U.S.C.

§ 2710(d)(3)(A).   Where a state "fail[s] to negotiate in good faith," however, a tribe may file suit to compel the state to negotiate a Tribal-State compact. *Id.* § 2710(d)(7)(A)(i).  If the tribe bears its burden of establishing bad faith, the district court "shall order the State and the Indian Tribe to conclude such a compact within a 60-day period." *Id.* § 2710(d)(7)(B)(iii).  If the tribe and state fail to negotiate a compact within that time, they each submit a proposed compact to a court-appointed mediator, who then selects one of the two compacts. *Id.* § 2710(d)(7)(B)(iv).  If the state does not consent within 60 days to the proposed compact selected by the mediator, the Secretary consults with the tribe and "prescribe[s]" secretarial procedures "consistent with the proposed compact selected by the mediator." *Id.* § 2710(d)(7)(B)(vii).  Thereafter, "class III gaming may be conducted on the Indian lands over which the Indian tribe has jurisdiction" pursuant to the secretarial procedures prescribed by the Secretary. *Id.* § 2710(d)(7)(B)(vii)(II).

By their own terms, Blue Lake Rancheria and Chicken Ranch Rancheria's secretarial procedures are not enforceable against the State of California. *See* 2-ER-191, 3-ER-256 (stating that California is "not a party to the procedures" and has no "regulatory responsibilities" under them); Answering Br. of Defendants-Appellees at 33-35, Dkt. No. 43.1 ("Kalshi's

- 5 -

Answering Br."). Notably, these secretarial procedures, by their terms, are promulgated "for" the tribes (so as to authorize the tribes to conduct class III gaming even where the State will not agree), unlike compacts, which reflect agreements between the State and the tribes. *E.g.*, 2-ER-192 ("the Secretary . . . hereby promulgates these class III Gaming Secretarial Procedures for the Tribe"). Accordingly, unlike compacts, which can be enforced by the parties to the compact for "violations" of the compact, only the Secretary can enforce secretarial procedures. Whereas Section 2710(d)(7)(A)(ii) grants the tribes a cause of action "to enjoin class III gaming activity located on Indian lands and conducted in violation of any *Tribal-State compact*," Section 2710(d)(7)(A)(iii) grants "the Secretary" the cause of action "to enforce [secretarial] procedures." 25 U.S.C. § 2710(d)(7)(A) (emphasis added).

Nonetheless, Blue Lake Rancheria and Chicken Ranch Rancheria impermissibly seek relief under 25 U.S.C. § 2710(d)(7)(A)(ii). Ignoring the statute's plain language, the tribes assert that the statute provides jurisdiction over tribal actions to enjoin class III gaming "conducted in violation of Tribal-State compacts *and secretarial procedures*." 2-RHSER-233 ¶ 7(c) (emphasis added). But that is not what the statute says, and that is not what Congress intended. Instead, Congress expressly

- 6 -

provided that courts have jurisdiction to hear claims brought by the Secretary—**not** tribes or states—to "enforce" secretarial procedures governing class III gaming. Accordingly, as Kalshi and Robinhood have argued both in this Court and the district court, Blue Lake Rancheria and Chicken Ranch Rancheria lack a cause of action under IGRA because they operate class III gaming pursuant to secretarial procedures, not compacts, as required by Section 2710(d)(7)(A)(ii)'s plain text. *See* Kalshi's Answering Br. at 33-35; 1-RHSER-176-177.

## II. *STAND UP FOR CALIFORNIA! V. U.S. DEPARTMENT OF INTERIOR* IS NOT TO THE CONTRARY.

The tribes argued below that *Stand Up* holds that secretarial procedures are treated the same as compacts for purposes of Section 2710(d)(7)(A)(ii), and the district court agreed. *See* 1-ER-009. That conclusion is incorrect.

*Stand Up* is inapposite. In *Stand Up*, this Court analyzed 25 U.S.C. § 2710(d)(6), a different provision than the one at issue here. *Stand Up*, 959 F.3d at 1159. Section 2710(d)(6) exempts from criminal penalty under the Johnson Act, 15 U.S.C. § 1175, "any gaming conducted under a Tribal-State compact" that occurs within a "State in which gambling devices are legal." 25 U.S.C. § 2710(d)(6). This exemption is a central feature of IGRA, without

which any form of gaming conducted by Indian tribes on tribal lands using a "gambling device" (as defined in 15 U.S.C. § 1171(a)) would be illegal. The question presented in *Stand Up* was whether gaming conducted under secretarial procedures would be exempted, notwithstanding the lack of an express reference to secretarial procedures in Section 2710(d)(6). The *Stand Up* Court held that it would be, reasoning that any other conclusion would "rob[] IGRA's remedial scheme . . . of its force" by, on the one hand, shielding lawful class III gaming conducted pursuant to Tribal-State compacts from criminal liability while, on the other hand, exposing equally lawful class III gaming conducted pursuant to secretarial procedures to penalty under the Johnson Act. *Id.* at 1159-1160.

Section 2710(d)(7)(A) is different. It does not simply omit reference to secretarial procedures; it specifically addresses and provides for different means of enforcement of Tribal-State compacts, on the one hand, and secretarial procedures, on the other, under two separate sub-provisions. 25 U.S.C. § 2710(d)(7)(A)(ii), (iii). Because Section 2710(d)(7)(A) specifically, and separately, addresses both Tribal-State compacts and secretarial procedures, *Stand Up*'s reasoning is inapplicable here.

Furthermore, none of the reasoning or canons of statutory construction that supported this Court's conclusion in *Stand Up* compel that same conclusion here.

*First*, contrary to the district court's conclusion, *Stand Up* did not hold that the term "Tribal-State compact" always includes secretarial procedures for purposes of IGRA. True, *Stand Up* did observe that there is a "presumption that a given term is used to mean the same thing throughout the statute." *See* 1-ER-009 (concluding that "Tribal-state compact" as used in Section 2710(d)(7)(A)(ii) includes secretarial procedures because "there is a presumption that a given term is used to mean the same thing throughout the statute." (quoting *Stand Up*, 959 F.3d at 1160)). But that observation was made in the context of explaining that it would be internally inconsistent for secretarial procedures to be "functionally equivalent to a compact" for purposes of legalizing class III gaming on Indian lands "but not in the context" of exempting class III gaming from penalty under the Johnson Act. *Id.* at 1160. Thus, *Stand Up* merely held that both compacts and secretarial procedures authorize class III gaming on Indian lands and that—***in that respect***—the terms are interchangeable. *See id.* ("if Secretarial Procedures are not functionally equivalent to Tribal-State compacts ***in this context***,

then gambling pursuant to Secretarial Procedures would be subject to possible criminal liability." (emphasis added)).

*Stand Up* does ***not*** stand for the distinct, and much broader, proposition advanced by the plaintiff Tribes that, when IGRA uses "Tribal-State compact," the term ***always*** includes secretarial procedures. That would make little sense of several IGRA provisions, including the one at issue here. It would mean *the State* could enforce secretarial procedures under Section 2710(d)(7)(A)(ii), even though the State has no role in crafting nor is bound by those procedures. It would mean the Secretary would have to approve the procedures under Section 2710(d)(8) as the Secretary approves a compact, even though the Secretary is the entity that promulgated the procedures. And Section 2710(d)(7)(B) sets forth the process for the promulgation of secretarial "procedures" if the State and Tribe cannot agree on a "compact," which would make little sense if "compact" meant "procedures." Those absurdities would be the result of the plaintiff Tribes' claim that every reference in IGRA to "compact" necessarily also means "secretarial procedures." That reading thus ***conflicts*** with *Stand Up* because it "leads to a host of inconsistencies, nullities, and internal contradictions within IGRA." *Stand Up*, 959 F.3d at 1159.

Indeed, Section 2710(d)(7)(A) compels precisely the opposite conclusion because it specifically uses the term secretarial procedures in subsection (iii) while excluding that term from subsection (ii). And, when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress act[ed] intentionally and purposefully." *Cheneau v. Garland*, 997 F.3d 916, 920 (9th Cir. 2020) (citation omitted). That presumption "applies with even greater force" where, as here, "Congress used particular language in one provision and not in another provision of the same subsection of the same statute." *Id.* (citation omitted).

*Second*, unlike the situation in *Stand Up*, excluding secretarial procedures from Section 2710(d)(7)(A)(ii) would not conflict with any other provisions of IGRA. *See Stand Up*, 959 F.3d at 1160 (holding that secretarial procedures legalize class III gaming in some, but not all, contexts would render secretarial procedures "a nullity and inappropriately deprive 2710(d)(7)(B)(vii) of its effect"). To the contrary, reading Section 2710(d)(7)(A)(ii) to include secretarial procedures would render Section 2710(d)(7)(A)(iii) superfluous.

*Third*, unlike in *Stand Up*, excluding secretarial procedures from Section 2710(d)(7)(A)(ii) would not "rob[] IGRA's remedial scheme . . . of its

- 11 -

force" because Section 2710(d)(7)(A)(iii) provides that secretarial procedures are enforceable **by the Secretary**. *Id.* at 1160. This is logical because, unlike a compact, which is the result of negotiations between the tribe and state, a procedure is "promulgated" by the Secretary so as to authorize the tribe to conduct class III gaming when the State has refused to negotiate a compact in good faith. There are no "parties" to Blue Lake Rancheria or Chicken Ranch Rancheria's secretarial procedures who may enforce its provisions. *See* 2-ER-191, 3-ER-256 (stating that California is "not a party to the procedures" and has no "regulatory responsibilities" under them). Congress's decision to vest enforcement authority as to secretarial procedures in the Secretary makes sense as it is the Secretary who promulgates them. Respecting that decision is a far cry from *Stand Up*, which presented the question of whether secretarial procedures had the ability to authorize class III gaming **at all**. The question here is much simpler—to whom has Congress granted a cause of action to enforce secretarial procedures—and is answered plainly by the statute: the Secretary

of the Interior.  For all these reasons, *Stand Up*'s reasoning is inapplicable here, and the district court erred in extending it to Section 2710(d)(7)(A).[2]

\* \* \*

The district court's misapplication of *Stand Up* is of renewed importance now that Picayune Rancheria—the only tribe with a Tribal-State compact—is dismissed from this case.  Following that dismissal, the only two tribes with live IGRA claims lack compacts with the State of California and, therefore, lack a cause of action under Section 2710(d)(7)(A)(ii), the provision they invoke.  That alone is dispositive of the IGRA claim and provides yet another basis for this Court to affirm the district court's order denying a preliminary injunction.  *See United States v. California*, 921 F.3d 865, 893 (9th Cir. 2019) ("a district court's denial of a motion for preliminary injunction 'may [be] affirm[ed] on any ground supported in the record'" (quoting *Big Country Foods, Inc. v. Bd. of Educ.*, 868 F.2d 1085, 1088 (9th Cir. 1989)).  Nonetheless, even were this Court to affirm the district court's

---

[2] In addition to the three canons discussed in the text, *Stand Up* also discussed *Chevron* deference and the Indian canon of statutory construction.  *Stand Up*, 959 F.3d at 1162.  But *Chevron* has since been overruled, *see Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024), and the Indian canon applies only in the event a statute is ambiguous, *see Artichoke Joe's Cal. Grand Casino v. Norton*, 353 F.3d 712, 728-29 (9th Cir. 2003), which Section 2710(d)(7)(A) is not.

reading of *Stand Up*, the secretarial procedures still do not prohibit Kalshi's conduct.  *See* 1-ER-009-010; Kalshi's Answering Br. at 33 n.4.

## CONCLUSION

For the foregoing reasons, in addition to those discussed in Kalshi and Robinhood's answering briefs, this Court should affirm the district court's order denying a preliminary injunction.

Date: August 12, 2026

Respectfully submitted,

*/s/ Grant R. Mainland*

OLIVIA S. CHOE
JOSHUA B. STERLING
WILLIAM E. HAVEMANN
MILBANK LLP
1101 New York Ave., NW
Washington, DC 20005
(202) 835-7511

GRANT R. MAINLAND
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

CHRISTOPHER C. WHEELER
DYLAN M. SILVA
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104

*Counsel for Defendants-Appellees
Kalshi Inc. and KalshiEX LLC*

Date: August 12, 2026

Respectfully submitted,

*/s/ Antony L. Ryan*

ANTONY L. RYAN
KEVIN J. ORSINI
BRITTANY L. SUKIENNIK
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

MARK R. CONRAD
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111

MITHUN MANSINGHANI
LEHOTSKY COHN LLP
629 W. Main Street
Oklahoma City, OK 73102

*Counsel for Defendants-Appellees
Robinhood Markets, Inc. and
Robinhood Derivatives, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using ACMS on August 12, 2026.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by ACMS.

August 12, 2026                         /s/ *Grant R. Mainland*
                                        Grant R. Mainland