No. 25-7504

IN THE

# United States Court of Appeals for the Ninth Circuit

BLUE LAKE RANCHERIA, *et al.*,

*Plaintiffs-Appellants,*

v.

KALSHI INC., *et al.*,

*Defendants-Appellees.*

On Appeal from the United States District Court
for the Northern District of California
No. 3:25-cv-6162 (Corley, J.)

## DEFENDANTS-APPELLEES' REPLY IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF

OLIVIA S. CHOE
JOSHUA B. STERLING
WILLIAM E. HAVEMANN
MILBANK LLP
1101 New York Ave., NW
Washington, DC 20005
(202) 835-7511

GRANT R. MAINLAND
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

ANTONY L. RYAN
KEVIN J. ORSINI
BRITTANY L. SUKIENNIK
CRAVATH, SWAINE & MOORE LLP
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

MARK R. CONRAD
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111

CHRISTOPHER C. WHEELER
DYLAN M. SILVA
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104

*Counsel for Defendants-Appellees Kalshi Inc. and KalshiEX LLC*

MITHUN MANSINGHANI
LEHOTSKY COHN LLP
629 W. Main Street
Oklahoma City, OK 73102

*Counsel for Defendants-Appellees Robinhood Markets, Inc. and Robinhood Derivatives, LLC*

August 24, 2026

The Tribes' opposition does not dispute the central fact underlying the Motion: Picayune Rancheria—the only Plaintiff-Appellant conducting class III gaming on its reservation pursuant to a Tribal-State compact with the State of California—is no longer a party to this appeal. Its voluntary dismissal thus has the potential to affect the Court's disposition of this appeal.

The Tribes oppose the Motion on two grounds. First, they contend that Picayune Rancheria's dismissal is immaterial to this appeal. Second, they assert that Kalshi and Robinhood already addressed *Stand Up for California! v. U.S. Department of Interior*, 959 F.3d 1154 (9th Cir. 2020), in their answering briefs. Neither objection provides a basis for denial of the Motion.

*First*, the fact that there is no remaining appellant offering class III gaming pursuant to a Tribal-State compact is significant and potentially impacts the Court's analysis in this appeal because the remaining Tribes have no textual basis to seek injunctive relief under 25 U.S.C. § 2710(d)(7)(A)(ii). Dkt. No. 86 at 7-13. The Tribes seek a preliminary injunction under IGRA, which grants a cause of action to tribes or states to enjoin class III gaming "conducted in violation of any ***Tribal-State compact***." 25 U.S.C. § 2710(d)(7)(A)(ii) (emphasis added). And, as set forth in Defendants-Appellees' proposed supplemental brief, Dkt. No. 86 at 2-3, Congress

addressed the enforcement of ***Secretarial Procedures*** separately, vesting that cause of action exclusively in the Secretary of the Interior (the "Secretary"). *Id.* § 2710(d)(7)(A)(iii).

Prior to its dismissal, Picayune Rancheria was the only Plaintiff-Appellant conducting class III gaming on its reservation pursuant to a Tribal-State compact with the State of California. 2-RHSER-241 ¶ 39; 2-ER-119. Blue Lake Rancheria and Chicken Ranch Rancheria, on the other hand, conduct class III gaming pursuant to Secretarial Procedures promulgated by the Secretary. 2-ER-180; 3-ER-245. With Picayune Rancheria now dismissed, no Plaintiff-Appellant is party to a Tribal-State compact. That is a potentially significant change worthy of the Court's consideration.

As explained in the proposed supplemental brief, *Stand Up* is not to the contrary. Because the remaining Tribes' lack of a cause of action is arguably even clearer than was the case for Picayune Rancheria, the district court's denial of their motion for a preliminary injunction can be affirmed on that basis alone.

*Second*, Defendants-Appellees do not dispute that they addressed Section 2710(d)(7)(A)(ii) and *Stand Up*'s potential application to it in their answering briefs. *See* Dkt. No. 87 at 2-3; Answering Br. of Defendants-Appellees Kalshi Inc. and KalshiEX LLC at 33-35, Dkt. No. 43.1. But at that time, one of the appealing Tribes was a party to a Tribal-State compact, so

Kalshi's arguments regarding *Stand Up*—even if accepted—would have disposed of only two plaintiffs' appeals. Had Picayune Rancheria been voluntarily dismissed before the appeal had been fully briefed and argued, *Stand Up* would have warranted greater attention.

For these reasons, supplemental briefing on the *Stand Up* issue is not a "do-over," Dkt. No. 87 at 2, nor a "delay tactic," *id.* at 6. Rather, it reflects a change in circumstances that occurred ***after*** the appeal was fully briefed and argued—*i.e.*, when the only Plaintiff with a Tribal-State compact withdrew from the ongoing case. The supplemental brief is narrowly targeted; it addresses one threshold issue and is only 2,544 words. It will impose no substantial burden or delay on the Court or the parties. Rather, it will assist the Court by explaining the effect of Picayune Rancheria's dismissal on the questions presented.

Finally, the Tribes ask that, if leave is granted, the Court set a briefing schedule permitting them to respond. Dkt. No. 87 at 7. As stated in the Motion, Dkt. No. 85 at 3, Defendants-Appellees do not oppose a response of similar length by the Tribes, but request that Defendants-Appellees be afforded an opportunity to reply. Dkt. No. 85 at 3.

## CONCLUSION

For the foregoing reasons, and those stated in the Motion, Dkt. No. 85, Defendants-Appellees respectfully request that the Court grant leave to file

the supplemental brief (Dkt. No. 86), and, should the Court permit the Tribes to respond, grant them leave to file a reply.

Date: August 24, 2026

Respectfully submitted,

*/s/ Grant R. Mainland*

OLIVIA S. CHOE
JOSHUA B. STERLING
WILLIAM E. HAVEMANN
MILBANK LLP
1101 New York Ave., NW
Washington, DC 20005
(202) 835-7511

GRANT R. MAINLAND
DAVIS CAMPBELL
MILBANK LLP
55 Hudson Yards
New York, NY 10001

CHRISTOPHER C. WHEELER
DYLAN M. SILVA
FARELLA BRAUN + MARTEL LLP
One Bush Street, Suite 900
San Francisco, CA 94104

*Counsel for Defendants-Appellees Kalshi Inc. and KalshiEX LLC*

Date: August 24, 2026

Respectfully submitted,

*/s/ Antony L. Ryan*

ANTONY L. RYAN
KEVIN J. ORSINI
BRITTANY L. SUKIENNIK
CRAVATH, SWAINE & MOORE LLP

375 Ninth Avenue
New York, NY 10001
(212) 474-1000

MARK R. CONRAD
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111

MITHUN MANSINGHANI
LEHOTSKY COHN LLP
629 W. Main Street
Oklahoma City, OK 73102

*Counsel for Defendants-Appellees Robinhood Markets, Inc. and Robinhood Derivatives, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using ACMS on August 24, 2026.

I certify that all participants in the case are registered ACMS users and that service will be accomplished by ACMS.

August 24, 2026

*/s/ Grant R. Mainland*
Grant R. Mainland